# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-KA-00968-COA

| | |
|---|---|
| JEFFREY LAMONT DURR A/K/A JEFFREY L. DURR A/K/A JEFFREY DURR A/K/A JEFFERY L. DURR | APPELLANT |

v.

| | |
|---|---|
| STATE OF MISSISSIPPI | APPELLEE |

| | |
|---|---|
| DATE OF JUDGMENT: | 06/19/2014 |
| TRIAL JUDGE: | HON. LAWRENCE PAUL BOURGEOIS JR. |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: GEORGE T. HOLMES |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: BARBARA WAKELAND BYRD |
| DISTRICT ATTORNEY: | JOEL SMITH |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| TRIAL COURT DISPOSITION: | CONVICTED OF FAILURE TO REGISTER AS A CONVICTED SEX OFFENDER AND SENTENCED AS A HABITUAL OFFENDER TO FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITHOUT ELIGIBILITY FOR PAROLE OR PROBATION |
| DISPOSITION: | AFFIRMED - 09/15/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

EN BANC.

MAXWELL, J., FOR THE COURT:

¶1. Because Jeffrey Lamont Durr was previously convicted of fondling a child, he is required to register his address with local authorities. When recently released from prison after his probation was revoked, he registered claiming he was living with his mother. But

he was notified that his mother's home is within 1,500 feet of an elementary school, making this residence noncompliant under Mississippi law. Though Durr had been advised he could not live at this address, he failed to register a different address. So he was arrested and later indicted for failure to register as a sex offender.

¶2. At trial, Durr insisted he had established his mother's residence and, thus, was "grandfathered in" before the school-proximity prohibition became law on July 1, 2006. But the jury did not believe him. Instead, it was swayed by two witnesses who testified Durr had claimed a *different* residence—not his mother's address—before July 1, 2006. Thus, the jury rejected his residency-exception defense and found him guilty of failing to register as a sex offender. After review, we find sufficient evidence supports the jury's verdict and affirm.

## Background and Procedural History

### I. Requirement to Register

¶3. On August 18, 2003, Durr was convicted of aggravated assault and touching a child for lustful purposes. He was jailed from August 2003 to March 2008. Durr's sex-crime conviction requires him to register as a sex offender. *See* Miss. Code Ann. § 45-33-25 (Supp. 2014).

¶4. On March 26, 2008, five days after his release from prison, Durr met with Jessica Akers, the sex-offender registrar for the Harrison County Sheriff's Department. Durr first registered his address as 1321 Joseph Avenue, Gulfport, Mississippi. This address is his mother's home. Within a week, Akers determined the Joseph Avenue address was

approximately 1,200 feet from Gaston Point Elementary School. She told Durr he was prohibited from living there because it violated the 1,500-feet-exclusion zone around schools. Miss. Code Ann. § 45-33-25(4)(a) (Rev. 2011).[1]

¶5.    Durr then moved in with his sister and registered using her address, 184 Orange Court, Gulfport, Mississippi. He continued registering this compliant address until his probation was revoked, causing his incarceration from February 2009 until February 2012.[2] When he was released from prison in 2012, Durr tried again to re-register using his mother's 1321 Joseph Avenue address. But Akers again told him that address was noncompliant. In the following months, Durr did not submit a compliant address. So in August 2012, he was arrested and indicted for felony failure to register as a sex offender. The State amended the indictment to reflect Durr's habitual-offender status under section 99-19-83.[3]

## II.    Trial

¶6.    Section 45-33-25(4)(b)(iii) lists an exception to the 1,500-feet-exclusion zone if the offender established residence at a noncompliant address before July 1, 2006. Miss. Code Ann. § 45-33-25(4)(b)(iii) (Supp. 2014). And Durr's trial turned on whether the jury believed Durr had established 1321 Joseph Avenue as his permanent residence before July 1,

---

[1] The exclusion zone was expanded to 3,000 feet in 2013. Miss. Code Ann. § 45-33-25(4)(a) (Supp. 2014).

[2] The requirement to register is made inactive during incarceration. Miss. Code Ann. § 45-33-25(4)(b)(i) (Supp. 2014).

[3] Miss. Code. Ann. § 99-19-83 (Rev. 2007) imposes a mandatory life sentence for defendants twice previously convicted of felonies, one of which was a crime of violence.

2006. Durr argued he was "grandfathered in" to this excepted address before going to prison in 2003, but the State claimed he was not.

¶7. At trial, the State contradicted Durr's claim that 1321 Joseph Avenue was his established residence before July 1, 2006. Akers testified the last known address Durr gave the Harrison County Sheriff's Office was 210 2nd Avenue, Long Beach, Mississippi.[4] Durr listed this address when he was arrested in 2002. Detective Steve Schlicht also testified about this arrest, recalling Durr specifically admitting 210 2nd Avenue was his residence.

¶8. Both Durr and his mother disagreed. They testified Durr's residence was 1321 Joseph Avenue before his incarceration in 2003. Both claimed Durr had never lived at 210 2nd Avenue, but had visited that address regularly. Durr maintained he did not give Detective Schlicht the 210 2nd Avenue address when arrested in 2002.

¶9. After deliberating, the jury found Durr guilty of failing to register as a sex offender, rejecting his claim he had established his residency at 1321 Joseph Avenue before July 1, 2006.

¶10. At sentencing, the trial judge acknowledged Durr faced life in prison. *See* Miss. Code. Ann. § 99-19-83. But after conducting an Eight Amendment proportionality analysis of the severity of a life sentence considering the registration conviction,[5] he sentenced Durr to a much more lenient term of five years. *See* Miss. Code Ann. § 45-33-33 (Rev. 2011). Durr

---

[4] 210 2nd Avenue was the home of Durr's girlfriend and three children.

[5] *See Solem v. Helm*, 463 U.S. 277 (1983).

4

filed a motion for a judgment notwithstanding the verdict, which was denied. He now appeals.

## Discussion

### I.     Admissibility of Detective Schlicht's Testimony

¶11.    On appeal, Durr argues Detective Schlicht's testimony about the address he recorded in a 2002 police report was inadmissible. As Durr sees it, this evidence did not meet the business-records exception under Mississippi Rule of Evidence 803(6). While Durr is right that a typical police report is itself hearsay, he is incorrect that his admissions to Detective Schlicht contained in the report were inadmissible.

¶12.    Durr cites *Fisher v. State*, 690 So. 2d 268 (Miss. 1996), as authority that Detective Schlicht's testimony was improper. But *Fisher* actually supports the trial judge's ruling. In *Fisher*, a capital-rape case, the State wanted to use police reports to prove the defendant was over eighteen years old. The supreme court found the actual police reports listing the defendant's age were inadmissible. The reports were not deemed business records under Rule 803(6) because the defendant who gave the information was not acting in the regular course of police business. *Id.* at 274. But Fisher's statement to police qualified as an admission by a party opponent. *Id.*; *see also* M.R.E. 801(d)(2). So it was proper for the detective who interviewed Fisher to testify about Fisher's admissions during the intake process.

¶13.    We find the judge in Durr's case did essentially the same thing. He excluded the

5

actual report but allowed Detective Schlicht to testify about the address Durr gave him—testimony merely relaying Durr's admission to Detective Schlicht. Thus, we find the judge was right to exclude the police report but still allow Detective Schlicht's testimony about the address Durr gave him.

## II. Sufficiency of the Evidence

¶14. Durr also challenges the sufficiency of the evidence. Durr suggests the State failed to prove beyond a reasonable doubt that 1321 Joseph Avenue was not his residence before July 1, 2006. We disagree.

¶15. When assessing the legal sufficiency of the evidence, we consider all evidence in the light most favorable to the State. *Bush v. State*, 895 So. 2d 836, 843 (¶16) (Miss. 2005). Credible evidence consistent with guilt must be accepted as true. *Day v. State*, 126 So. 3d 1011, 1014 (¶9) (Miss. Ct. App. 2013). We give the State the benefit of all favorable inferences reasonably drawn from the evidence. *Jones v. State*, 20 So. 3d 57, 64 (¶16) (Miss. Ct. App. 2009) (citing *Hughes v. State*, 983 So. 2d 270, 275-76 (¶¶10-11) (Miss. 2008)).

¶16. For felony failure to register, the State had to prove (1) Durr was a resident of Harrison County, (2) he had been previously convicted of a sex offense requiring registration, and (3) he willfully, wantonly, and feloniously resided within 1,500 feet of Gaston Point Elementary School. Miss. Code Ann. § 45-33-25.

¶17. Durr's residency in Harrison County was never in dispute. And before trial, Durr stipulated he had been convicted in 2003 of touching a child for lustful purposes. There is

6

also no dispute that 1321 Joseph Avenue is within 1,500 feet of Gaston Point Elementary. So the only question is whether his alleged pre-2006 residence at Joseph Avenue met the statute's exception for noncompliant addresses. Miss. Code Ann. § 45-33-25(4)(b)(iii).

¶18.    The judge instructed the jury that if it found Durr's residence was grandfathered in, they must find him not guilty.[6]  While much of Durr's defense focused on what happened *after* he was released from prison in 2008, the pertinent question is whether Durr had established his permanent residence at Joseph Avenue before July 1, 2006.  This was a classic teed-up jury question, which the jury resolved against him.

¶19.    While Durr and his mother maintained 1321 Joseph Avenue was his established residence, both Akers and Schlicht testified that Durr's residence before the statutorily imposed "grandfathering" deadline was 210 2nd Avenue.  And as in all jury trials, it was up to the jury to decide which testimony to believe.  *See Day*, 126 So. 3d at 1014 (¶10) (jury resolves matters of weight and witness credibility).  Our standard mandates that we only reverse if reasonable and fair-minded jurors could only find the accused not guilty.  *Jones*, 20 So. 3d at 64 (¶16).  And considering the evidence in light most favorable to the State, we see no reason to tamper with the jury's assessment of the conflicting testimony.

¶20.    Because there was sufficient evidence to convict Durr of failure to register, we affirm.

---

[6]  Jury Instruction 7 read, "The Court instructs the jury that if you find from the evidence that Jeffrey Lamont Durr established 1321 Joseph Avenue, Gulfport, Mississippi[,] as his residence prior to July 1, 2006, then you, the jury, shall find the Defendant[,] Jeffrey Lamont Durr, Not Guilty of the crime of Failure to Register."

¶21.   **THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT OF CONVICTION OF FAILURE TO REGISTER AS A CONVICTED SEX OFFENDER AND SENTENCE AS A HABITUAL OFFENDER OF FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITHOUT ELIGIBILITY FOR PAROLE OR PROBATION IS AFFIRMED.  ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.**

      **LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, FAIR, JAMES AND WILSON, JJ., CONCUR.**